Jones, Oliver B., J.
The city of Cincinnati sought in the action below to recover from the defendant, Edward W. Boston, who was a plumber doing business as the Douglas Plumbing & Heating Co., the amount of a judgment and costs which it had been compelled to pay to one William Alex *351 ander for injuries to his horse, harness and wagon by reason of an excavation made in Colerain avenue for the purpose of tapping a sewer. Alexander had sued the city and secured a judgment before a justice of the peace, from which the city appealed to the court of common pleas, where upon trial to a jury a judgment was rendered against the city. Boston, while not made a party to the record of that case, was notified of its pendency, and he and his attorney were present at the trial of the case in each of said courts. After the payment of Alexander’s judgment, the city demanded that Boston reimburse it; and on his refusal so to do the city brought this action below, claiming that the excavation which was the cause of the injury was made by Boston and was negligently maintained by him without proper railings, barriers or warning lights, whereby Alexander’s horse and property were injured.
.■ The defendant in his ans.wer admitted that he had dug the excavation complained of, or caused it to be dug, for the purpose of tapping a sewer. He admitted the bringing of the action by William Alexander, and the allegations of his petition as stated by the city, and the recovering of a verdict by him against the city; and denied every allegation not admitted; denied that the facts set up by Alexander in his petition in said case were true; denied that the defendant (Boston) was guilty of negligence or improper conduct as alleged in plaintiff’s petition; and says that Alexander’s injury was caused by his own fault and negligence and the careless and improper management of his horse through his agent.
*352 The existence of the excavation or ditch in the public street or thoroughfare being admitted, the following questions were necessarily determined in the action to sustain Alexander’s recovery: (1) that this excavation was not properly protected by barricades and lights to warn and "protect persons driving in the street; (2) that Alexander was not guilty of contributory negligence in driving into the excavation; and (3) the fact of Alexander’s injury and the extent of his damages.
The evidence is undisputed that Boston was notified by the city of the pendency of Alexander’s suit and was present at both trials of that case, in person, with counsel. Such being the fact, the judgment secured in Alexander’s case against the city was conclusive upon Boston as to all the issues of fact above enumerated.
The only defenses, then, available to Boston would be (1) as to the identity of the nuisance ■ — for instance, that . the excavation into which Alexander’s horse fell was not the one dug by Boston — but he admits and the proof shows that it was the same; or (2) he might show that the city assumed responsibility, or agreed with him to care for or guard the excavation, but there is no claim nor any proof that the city assumed such burden in any way to relieve. Boston and on the contrary it was shown that Boston undertook and assumed the burden of maintaining and protecting the excavation or ditch which he had dug; or (3) he might show that after having put up proper protecting barricades and lights at the excavation they were removed or interfered with by some agent of the city, but there is no claim of such de *353 fense. There might possibly be other defenses, among which might be the so-called “act of God” or the public enemy, but no such defenses were made by Boston. Instead, in the trial of this case, Boston was allowed practically to relitigate both the question of his negligence and the contributory negligence of Alexander. He was permitted, over the objection of the city, to offer evidence to show that he had properly barricaded the excavation with earth, stone and lumber, and that he had placed a red lantern properly lighted upon a cask over the ditch or excavation, and that the driver of Alexander’s horse had been negligent in driving into the ditch in spite of these barricades and warning light, or that the vision of the horse was defective, although the same issues had been made or were available in the former action brought by Alexander against the city and substantially the same evidence had been given in that trial.
A motion for an instructed verdict in its favor was made by the city at the close of all the evidence, which motion was overruled. The court in his charge to the jury stated that the issue for them to determine was whether or not Mr. Boston in what he did on Colerain avenue was' negligent, defining in his charge what would constitute such negligence, and placing the burden upon the city to prove such negligence by a preponderance of the evidence and also that such negligence was the proximate cause of the injuries for which Alexander recovered. The only effect given by the court to the judgment secured by Alexander against the city was merely for the determination of the *354 amount of recovery in the event the jury found that Boston had been negligent.
The recovery by Alexander against the city was because of the duty of the city under the law (Section 3714, General Code) to keep its public streets open, in. repair and free from • nuisance. And although it was decided that the city was liable to Alexander because of the existence of this excavation and the manner in which it was maintained and protected, when it is shown that Boston actually created the nuisance for which the city was held, the primary liability is placed upon him, and the city is entitled in turn to recover against him. Morris v. Woodburn, 57 Ohio St., 330, 335.
Notice having been given to Boston of the pendency of Alexander’s suit, and opportunity afforded to take part in its trial and participate in its defense, he is bound by the result óf that trial. There having been no charge of fraud or collusion, Boston can not here criticize the manner of the trial or insist upon the right to retry or again litigate any of the issues necessarily determined in’ that case. The judgment there recovered against the city is conclusive evidence against him here, of the necessary facts and conditions, as fully as if he had been made a party to the record of that case.
This rule is recognized in this state in Bank v. Bank, 68 Ohio St., 43, in the opinion of the court at pages 49 and 50.
The rule 'is laid down in 2 Black on Judgments (2 ed.), Sections 574 and 575; Bigelow on Estoppel. (6 ed.), 148, and 23 Cyc., 1270, 1273, and is supported by numerous authorities, among which are Chicago City v. Robbins, 2 Black, 418, 4 Wall., *355 657; City of Portland v. Richardson, 54 Me., 46; Waterbury v. Waterbury Traction Co., 74 Conn., 152; Byne v. City of Americus, 6 Ga. App., 48; McNaughton v. Elkhart, 85 Ind., 384; City of Bloomington v. Roush, 13 Ill. App., 339; Littleton v. Richardson, 34 N. H., 179; Astoria v. Astoria & C. R. Rd. Co., 67 Ore., 538, 549.
The court therefore erred in its charge to the jury and in the admission of evidence in regard to the question of negligence in the guarding and lighting of the excavation, and as to the contributory negligence of Alexander, as well as in refusing to grant the motion of plaintiff for an in-., structed verdict in its favor at the close of the evidence.
Judgment reversed, and judgment will be entered here for plaintiff in error.

Judgment reversed, and judgment, for plaintiff in error.

Jones, E; H., P. J., and Gorman, J., concur.