## AMERICAN BONDING CO. ET AL. *v.* THE BOARD OF EDUCATION OF CINCINNATI.

*Surety — Estoppel — Bond of contractor — Payment of contractor's compensation before due — Consent of surety to such payment — Effect of notice to surety of suit against owner.*

1. A bonding company having been notified of the pendency and nature of an action against a board of education, to which board it is liable on the bond of a contractor signed by it as surety, and having been given an opportunity to make a defense in the case, and having failed to do so, is concluded and bound by the judgment rendered in' such action, and cannot thereafter question the correctness thereof in another action.
2. Where an owner makes a payment to a contractor in advance of the time when the same was due under the contract, but such payment is made upon the express written consent of the contractor's surety, the surety is estopped from thereafter complaining of such payment.

(Decided May 7, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Miller Outcalt* and *Mr. Dudley Outcalt,* for American Bonding Co., and *Messrs. Kornhauser & Morgan,* for Michael J. Heintz, plaintiffs in error.

*Mr. Charles A. Groom,* city solicitor, and *Mr. Constant Southworth,* assistant city solicitor, for defendants in error.

GORMAN, J.    In the common pleas court defendants in error recovered a judgment against the plaintiffs in error in the sum of $12,992.54, on a bond executed by the American Bonding Company

in favor of the state of Ohio for the benefit of defendants in error.

The plaintiff in error Michael J. Heintz had entered into a contract with the defendants in error to erect a school building in Avondale, and to secure the performance of that contract he executed the bond sued upon in this action. After the building was partly erected Heintz defaulted and failed to complete the work. Thereupon the board of education of the city of Cincinnati notified the surety to complete the contract, which it failed and refused to do, and the defendants were obliged to complete the building.

After the completion of the building there remained in the hands of the board of education, of the contract price, $7,685.90.

It further appears from the record that Heintz had failed and neglected to pay to his subcontractors and materialmen moneys due them for work and materials furnished for the erection of the building in the sum of approximately $19,000. A suit was brought by the subcontractors and materialmen against the board of education to recover the amount due them for their work and materials, and in case No. 142228 on the docket of the court of common pleas, entitled *The Pittsburg Plate Glass Company* v. *Michael J. Heintz et al.,* a recovery was had in favor of these subcontractors and materialmen, and the board of education was obliged to pay in excess of the amount held from the contract price, $7,685.90, the amount of recovery in the last action brought in the court of common pleas.

In case No. 142228 of the court of common pleas the American Bonding Company was made party defendant, and was subsequently dismissed from the action, but thereafter the board of education vouched in the bonding company by sending notice to it of the pendency and nature of the action, and requesting the bonding company to appear by counsel and participate in defense. This the bonding company refused to do, and after the judgment was rendered against the board of education in said case No. 142228 the board of education notified the bonding company that it was content with the judgment, but that if the bonding company desired to prosecute error or to take any other steps to have the judgment reversed or reviewed it was at liberty to do so; but neither the board of education nor the bonding company took any steps to review the judgment, or appeal therefrom, and said judgment in case No. 142228 in favor of the subcontractors and materialmen remains in full force and effect, unreversed and unmodified, and the board of education has paid to the various subcontractors and materialmen the amounts so found to be due them by said court in said case.

Thereupon this action was brought by the board of education to recover the amount which it had paid to the various parties in case No. 142228, in excess of the amount held in its hands under the contract with Heintz. The American Bonding Company and Heintz prosecuted error to the judgment rendered in the common pleas court, and it is claimed that there is error in the record to the prejudice of both plaintiffs in error.

The bonding company having been notified in the former action, No. 142228, and having also been a party to that action, although subsequently dismissed, and having been given an opportunity to make a defense in the case and having failed to do so, the court holds that the American Bonding Company is concluded and bound by that judgment and cannot question the correctness thereof in this action.

This court in *Cincinnati* v. *Boston*, 7 Ohio App., 350, laid down the rule that a party being vouched in such a case is bound to appear and make a defense, and if he fails to do so he will be concluded and bound by the judgment. In support of this rule see *Bank* v. *Bank*, 68 Ohio St., 43; *Cincinnati* v. *Diekmeier*, 31 Ohio St., 242, and numerous other authorities cited in the case of *Cincinnati* v. *Boston, supra.*

It is further claimed by the American Bonding Company that the board of education paid to the contractor Heintz $8,000 in advance of the time when same was due under the contract, but the record discloses that this payment was made to Heintz upon the express written consent of the American Bonding Company, given before the money was paid to Heintz. And it further appears that the board of education refused to pay this sum to Heintz unless the bonding company would consent to the payment thereof. And it further appears that this $8,000 paid to Heintz was paid out to the subcontractors and materialmen upon the checks of Heintz, countersigned by the bonding company's agent, duly authorized in the premises.

Under such circumstances we hold that the American Bonding Company is estopped to complain of the payment of this money advanced to Heintz before it was due under the contract.

It is further claimed by the American Bonding Company that the board of education paid to the contractor Heintz from time to time moneys in excess of the amounts due him under the estimates. The contract provided that payments were to be made to Heintz from time to time upon estimates made by the superintendent of the building for the board of education. The evidence discloses that these payments were made to Heintz from time to time upon estimates so made by the superintendent of the building. It appears that the superintendent was not overly careful in the making of his estimates, but no money was paid except under these estimates, and from these estimates twenty per cent. was retained until the completion of the contract.

There is no claim of any bad faith or that fraud was perpetrated, either upon Heintz or the bonding company; but it is claimed that the estimates exceeded the amount of money actually due as the work progressed. In the absence of any bad faith or fraud we hold that the American Bonding Company, the surety in this case, was not prejudiced by the fact that the estimates exceeded the amounts that should have been computed. It was well within the rights of the board of education to pay upon the estimates made by the superintendent of the building.

In the case of *Y. M. C. A.* v. *Gibson,* 58 Wash., 307, the court held that so long as the payments

were made upon the estimates of the person who was to make the estimates, even though they were in excess of the amount the contractor was entitled to, in the absence of bad faith, the surety would be bound by these payments. See *Howard County* v. *Baker,* 119 Mo., 397.

We fail to see how the bonding company was prejudiced in any way by the payment of these moneys to the contractor. It was the obligation of the contractor to pay his materialmen and subcontractors, and if he received the money from the board of education to pay them and failed to do so, the surety obligated itself to be liable in case the contractor failed to perform every term and condition of the contract.

So far as the record discloses, we find no errors therein prejudicial to the American Bonding Company.

As to the plaintiff in error Michael J. Heintz it appears that he filed an answer in which he set up that he had been adjudged a bankrupt and discharged therefrom, and that the board of education had notice thereof. The board of education, in the court below, filed a reply to this answer setting up that the claim of the board of education against Heintz had not been scheduled in bankruptcy and that the claim was contingent and not provable in bankruptcy. While Heintz filed this pleading, when the case came on for trial he failed to appear, and he failed to offer any evidence in support of his claim that he had been adjudged a bankrupt. And in this state of the record we are unable to see how any error was committed prejudicial to him. In the absence of any proof, and

with the denial of the averments of his answer by the board of education, the court was warranted in rendering a judgment against Heintz in the full amount.

For the reasons stated the judgment of the court below is affirmed.

*Judgment affirmed.*

JONES, P. J., and HAMILTON, J., concur.