## NEWARK SHOE STORES CO et v LUTHE

Ohio Appeals, 9th Dist, Summit Co

No 2455.   Decided March 28, 1935

Lahrmer & Hadley, Akron, for plaintiffs in error.

Naef & McIntosh, Akron, for defendant in error.

## OPINION

By WASHBURN, J.

It is alleged in the petition that the performance of said contract in a skillful and workmanlike manner "contemplated" that tests would be made to ascertain whether said rod was sufficiently solid to support said ladder, and the taking of "precautions to keep the public away from the range of said ladder," and that the plaintiff relied on the contractor (the defendant) to do that which was contemplated, and that he was negligent in failing to do so.

It is also alleged in the petition that "the direct and proximate causes of the injuries to said Sam Williams were the failure of said rod to sustain the weight of said ladder and the absence of barriers or other means to keep the public using the street, including the said Sam Williams, away from the range of said ladder."

It is then alleged in the petition that the New Amsterdam Casualty Co., being an insurer of the Newark Shoe Stores Co. "against loss of the character represented by said judgment, * * * satisfied the said judgment in the sum of $5,000" and interest; and plaintiff prays for a judgment against the defendant for $9,000 and interest, and asks that a part of said judgment, to-wit, $5,000 and interest, "be awarded" to the casualty company, and "the balance" to the shoe company.

There is no allegation that the shoe company has paid any part of said judgment, nor that any more than $5,000 and interest has been paid on said judgment.

While the petition alleges that the defendant was negligent and that such negligence caused the injuries, there is no allegation that the shoe company was responsible for such negligence or that said judgment for $9,000 was based upon such negligence and not upon the negligence of the shoe company.

For aught that appears, the petition in the suit in which the $9,000 judgment was rendered, may not have even mentioned the negligence of the defendant, and may have charged negligence of the shoe company alone in erecting and maintaining the sign in an unsafe manner and failing to securely fasten it to the building and inspect it, and, having contracted to have work of a dangerous character done, it was negligent in not taking proper precautions

by warning or otherwise to protect the public using the sidewalk.

In fact, in view of the allegations of the petition in the instant case to the effect that the defendant was doing said work as an independent contractor, and the consequent duty of the shoe company to the public, the inference is warranted that the recovery of the $9,000 judgment was to some extent based upon the negligence of the shoe company.

Plaintiff's cause of action is not based upon a claim for damages caused to a master by the acts of a servant, nor upon a claim against the defendant for negligently causing damage to the shoe company, but the claim of the plaintiff is for damages for the breach of an express verbal contract by the defendant.

Does the petition state facts sufficient to constitute a cause of action in favor of the shoe company for damages for a breach of contract?

On that theory the claim is that the contract was breached because the defendant did not ascertain whether said rod was sufficiently solid to support said ladder, and did not take precautions to keep the public away from the range of said ladder; but defendant's failure so to do would not constitute a breach of his contract unless he had agreed so to do.

There is no allegation in the petition that the shoe company contracted with the defendant to perform for the shoe company its duty to the public in taking proper precautions by warning or otherwise to protect the public while using the sidewalk.

The allegation that the defendant contracted to do the work "in a first-class, skillful and workmanlike manner," simply describes the result to be accomplished; the kind of a job to be done; and by no construction, however liberal, does it charge that the defendant contracted to take precautions to protect the public from injury or to perform the duty owing by the shoe company to the public.

And likewise, the allegation that "the skillful and workmanlike handling of the said job by the said defendant contemplated proper tests to ascertain that the said ladder would not be erected and pressure thereby exerted against any object that was not sufficiently solid for its support, and the erection of barriers and the taking of other precautions to keep the public away from the range of the said ladder," is not an allegation that the defendant agreed to do those things or to perform the shoe company's duty to protect the public from injury.

There being no allegation in the petition that the defendant agreed to do that which it is claimed constituted a breach of his contract, no cause of action is stated for damages for breach of contract.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.