Matthias, J.
 

 The primary question presented in this case is whether the evidence disclosed by the rec
 
 *427
 
 ord warrants any judgment against Richman Brothers Company. Exemption from liability was claimed upon the ground that the injury for which damages are sought, if the result of any negligence, was that of the servant of an independent contractor with whom Richman Brothers Company had contracted to do a definite work without reserving any control over the manner of the performance of the contract or'the doing of the work. Recovery was sought upon the theory that the facts presented bring the case within an exception to the general rule of non-liability for the negligence of one engaged as an independent contractor. The record discloses the following pertinent evidence:
 

 The Ohio Edison Company, pursuant to its contract with Richman Brothers Company, procured the Walker Sign Company to paint the sign in question. The sign was reached by the painter by means of a ladder extending from the pavement five or six feet from the building and leaning against the building or the sign, the evidence being contradictory in that respect. In getting from the bottom of the sign to the top, a pulley arrangement was employed, with the painter seated on a seat swing. His paint bucket was hung under this seat swing with an “S” hook, one end of which was open, permitting the bucket to become disengaged and fall, striking the plaintiff. No barricades or warning signs had been erected, which fact had been brought to the attention of the manager of the Richman Brothers Company the day previous to the accident, together with information that paint was falling to the walk as a result of the work being done above. There was some testimony to the effect that the rope which operated the pulley controlling the saddle seat was coiled beneath the ladder and that a rope with a red flag was stretched from the ladder to the store building. The record, however, discloses that plaintiff, when hit, was about three feet toward
 
 *428
 
 the curb and away from the base of the ladder. The accident occurred about the noon hour while pedestrians were passing, and the store of the Richman Brothers was open and doing business.
 

 It is sought to bring this case within the principle announced and applied in the early case of
 
 Bower
 
 v.
 
 Peate,
 
 1 L. R., Q. B. Div., 321, 326 (1875-76), 45 L. J., Q. B., 446. It is there stated as follows: “A man who orders work to be executed, from which, in the natural course of things, injurious consequences to his neighbor must be expected to arise, unless means are adopted by which such consequencees may be prevented, is bound to see to the doing of that which is necessary to prevent the mischief, and cannot relieve himself of his responsibility by employing someone else — whether it be the contractor employed to do the work from which the danger arises or some independent person — to do what is necessary to prevent the act he has ordered to be done from becoming wrongful.” In this early English case, it is stated that “there is an obvious difference between committing work to a contractor to be executed from which, if properly done, no injurious consequences can arise, and handing over to him work to be done from which mischievous consequences will arise unless preventive measures are adopted.” The work there let necessitated the lowering of the foundations of the employer’s house, and it was known that some sort of underpinning would be required to support the plaintiff’s soil during such operation. It was negligence in that regard which resulted in injuries to plaintiff’s house, and it was held under the principle stated that defendant was liable.
 

 This principle was applied in the case of
 
 Covington & Cincinnati Bridge Co.
 
 v.
 
 Steinbrock & Patrick,
 
 61 Ohio St., 215, 55 N. E., 618, 76 Am. St. Rep., 375, where the court announced the general proposition as follows: “Where danger to others is likely to attend
 
 *429
 
 the doing of certain work, unless care is observed, the person having it to do, is under a duty to see that it is done with reasonable care, and cannot, by the employment of an independent contractor, relieve himself from liability for injuries resulting to others from the negligence of the contractor or his servants.” The principle thus announced, although stated in varying language in the many decisions on the subject, has been applied in numerous cases involving contracts of an owner of property with an independent contractor for the doing of work affecting a street or highway where, as a necessary or probable result, a dangerous situation would be created by the doing of the work undertaken pursuant to such contract.
 

 It is this phase of the subject we are called upon to consider under the facts presented by the record in this case, and to which we must limit ourselves to keep this opinion within reasonable bounds. It is well established that a municipal corporation is liable for injuries resulting from an open and unguarded street excavation made by an independent contractor, though it did not reserve or exercise any control or discretion over the manner of doing the work other than to see that it was done according to specifications.
 
 Circleville
 
 v.
 
 Neuding,
 
 41 Ohio St., 465.
 

 For like reasons, many cases cited in 23 A. L. R., 1053, support the general proposition that “when a person employs a contractor to do work in a place where the public are in the habit of passing, which work will, unless precautions are taken, cause danger to the public, an obligation is thrown upon the person who orders the work to be done to see that the necessary precautions are taken, and if necessary precautions are not taken he cannot escape liability by seeking to throw the blame on the contractor.” It is there further stated that such doctrine “embraces the subordinate proposition * * * that the duty to refrain from interfering with the right of the public to safe
 
 *430
 
 and unimpeded use of highways and streets is one of which an employer cannot divest himself by committing the work to a contractor.”
 

 The Supreme Court of the United States, in the early case of
 
 Robbins
 
 v.
 
 Chicago City,
 
 71 U. S. (4 Wall.), 657, 18 L. Ed., 427, held that “where work done on a public highway necessarily constitutes an obstruction or defect in the highway which renders it dangerous as a way for travel and transportation unless properly guarded or shut out from public use, in such case a principal for whom the work was done cannot defeat the just claim of a municipal corporation which has had to pay damages, or of a private party who has suffered injury, by proving that the work which constituted the obstruction or defect was done by an independent contractor.”
 

 The same principle was announced and applied in the case of
 
 Hawver
 
 v.
 
 Whalen,
 
 49 Ohio St., 69, 29 N. E., 1049, 14 L. R. A., 828, in the following very clear statement in the syllabus: “Where the owners of a city lot, in the course of constructing thereon a building abutting on a street, make, by their own employees, an excavation in the adjacent sidewalk for coal vaults and an area to be used in connection with the building, a duty devolves upon them to guard it with ordinary care, and this duty is not shifted from them by letting the work of building the area walls and constructing the coal vaults to an independent contractor * * *.”
 

 The case of
 
 Railroad Co.
 
 v.
 
 Morey,
 
 47 Ohio St., 207, 24 N. E., 269, 7 L. R. A., 701, involved the question of liability for damages sustained for injury caused by an unguarded ditch across the street. The question presented was whether such work was done by an independent contractor of the railroad company as would exonerate the company of liability for the negligence of the contractor and his servants. This court held in the syllabus: “One who causes work to
 
 *431
 
 be done is not liable, ordinarily, for injuries that re-1 suit from carelessness in its performance by the employees of an independent contractor to whom he has let the work, without reserving to himself any control over the execution of it. But this principle has no application where a resulting injury, instead of being collateral and flowing from the negligent act of the employee alone, is one that might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance. In such case the person causing the work to be done will be liable though the negligence is that of an employee of an independent contractor.”
 

 There is good reason for the requirement that one who employs another to perform work on the street upon which his premises abut which endangers passers-by cannot divest himself of all duty and responsibility with regard thereto. Assuming that the erection and maintenance of the large electric sign projecting over the street from defendant’s building was duly authorized, the defendant is under a positive duty to prevent its becoming a cause of danger to the traveling public by reason of any defect, either in structure, repair or use, against which reasonable skill can guard. The duty arises from the danger to others incident to the performance of the work, which he cannot avoid or shift to another. As was said by the court in the case of
 
 McHarge
 
 v.
 
 M. M. Newcomer & Co.,
 
 117 Tenn., 595, 100 S. W., 700, which involved injury by the fall of an awning overhanging a public street while being repaired by an independent contractor, “To argue that this was not a thing intrinsically dangerous to the public would be to assert the perfection of mankind and deny the laws of gravity.” Attention is again directed to
 
 Covington & Cincinnati Bridge Co.
 
 v.
 
 Steinbrock & Patrick, supra,
 
 where, on page 223, the court cites numerous authorities sup
 
 *432
 
 porting the proposition that “The weight of reason and authority is to the effect that, where a party is under a duty to the public, or third person, to see that work he is about to do, or have done, is carefully performed so as to avoid injury to others, he cannot by letting it to a contractor, avoid his liability, in case it is negligently done to the injury of another.”
 

 Though involving a somewhat different state of facts, much of the reasoning of Minshall, J., in that case is applicable and quite pertinent here. The following is so much in point that we repeat it here: “It is urged as unreasonable that one who has work to perform, that he himself cannot perform, from want of knowledge or skill, should be held liable for the negligence of one whom he employed to do it, since, if he did reserve control, it would avail nothing from his own want of knowledge and skill. There is a seeming force in this, but only so. It is not agreeable to the principles of distributive justice. For it is equally a hardship that one should suffer loss by the negligent performance of work which another procured to be done for his own benefit, and which he in no way promoted and over which he had no control. Hence where work is to be done that may endanger others, there is no real hardship in holding the party, for whom it is done, responsible for neglect in doing it. Though he may not be able to do it himself, or intelligently supervise it, he will nevertheless, be the more careful in selecting an agent to act for him. This is a duty which arises in all cases where an agent is employed; and no harm can come from stimulating its exercise in the employment of an independent cóntractor, where the rights of others are concerned.”
 

 Under the facts disclosed by this record, defendants owed to the plaintiff and the public while in the use of the sidewalk in front of their premises a duty and obligation to see that reasonable care was exercised for their protection from injury while the sign pro
 
 *433
 
 jecting over the sidewalk from their building was undergoing repair and repainting, and they were not ■ absolved from such duty and responsibility by reason of the contract in question. We are in accord with the holding of the Court of Appeals that there was no prejudicial error in the submission of the case to the jury, or in the action of the trial court with reference to requested instructions or the general charge.
 

 The judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Day and Zimmerman, JJ., concur.
 

 Jones, J., dissents.