# CONTINENTAL CASUALTY CO. v. OHIO EDISON CO.

## No. 8906.

Circuit Court of Appeals, Sixth Circuit,

March 12, 1942.

**424**

Frank X. Cull, of Cleveland, Ohio (Hauxhurst, Inglis, Sharp & Cull, and Richard Inglis, Jr., all of Cleveland, Ohio, on the brief), for appellant.

Harry S. Manchester, of Youngstown, Ohio (Harrington, Huxley & Smith, of Youngstown, Ohio, on the brief), for appellee.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

The appellant, Continental Casualty Company, insured Richman Brothers Company, owner of a retail clothing store in Youngstown, Ohio, against liability to the public for injuries received upon the assured's premises and upon the immediately adjacent highways. The insurer was expressly subrogated to the rights of the assured against persons causing liability covered by the policy.

In an Ohio court of common pleas, a judgment was rendered against Richman Brothers Company for $15,000 damages for personal injuries received by Margaret Miller while walking in front of its store. This judgment was remitted to $10,000 by the State Court of Appeals and was affirmed in that reduced amount by the Supreme Court of Ohio. Appellant insurer paid the judgment, with interest, and also the expenses of the defense of the suit.

Appellant, by subrogation to the rights of its assured, brought this action in the United States district court against Ohio Edison Company, upon the ground that liability of its assured to Margaret Miller accrued from the failure of appellee, Ohio Edison Company, to perform its duty under a contract with Richman Brothers Company, and from its failure to protect the public in carrying on work imposed upon it by the contract.

Richman Brothers Company had erected an electric sign, extending about six feet from the front of its building and being at its lowest point some fifteen feet above the sidewalk.

Prior to the Miller accident, a power company, subsequently consolidated with appellee, had entered into a contract with the store company to inspect this sign. The duties of the power company under the contract included weekly inspections, oiling and greasing the flasher, adjusting flasher brushes and replacing burned out lamps; cleaning opalite letters every month; clean-ing the opalite portion of the sign every three months; and, once a year, painting the opalite and exposed lamp sign, removing and cleaning all lamps, and the extra painting of letters and border approximately six months later. The power company expressly assumed no liability for improper or defective wiring, or for any personal or property damage caused by the sign as a result of wind, storm, defective material, improper hanging, "etc."; nor was there, in the contract, any assumption whatever of liability accruing to Richman Brothers Company from the performance by the power company of its work under the contract.

Appellee, Ohio Edison Company, in performance of its obligation to paint the sign, employed Walker Sign Company to do that work. An employee of the sign company permitted a bucket of paint, which had been fastened to a saddle seat, to become disengaged and to fall. Margaret Miller was struck and injured thereby.

In her action for damages in the court of common pleas, Margaret Miller joined as defendants Richman Brothers Company, Walker Sign Company, and the appellee. In an amended petition, she omitted the sign company as a defendant; and, at the trial, dismissed her action against Ohio Edison Company without prejudice, and elected to proceed against the Richman Brothers Company alone.

The charges of her complaint against the appellee, Ohio Edison Company, which were not pressed to trial, were the power company's alleged negligence in failing to fasten the bucket of paint so that it would not fall; in failing to maintain barriers, or guards; and in failing to warn pedestrians not to walk under the sign.

The charges against Richman Brothers Company, which she pressed successfully to verdict and judgment, were that company's negligence in failing to warn pedestrians when it knew that the sign was being altered and repaired, and in failing to station guards to divert the course of pedestrians from the sidewalk underneath the sign.

The Supreme Court of Ohio, in the syllabus to its opinion affirming the judgment against Richman Brothers Company, said: "One who erects and maintains a large electric sign projecting over the street from his building has a duty to prevent its becoming a cause of danger to the traveling public by reason of any de-

fect, either in structure, repair, or use, against which reasonable skill can guard. Such duty arises from the danger to others incident to the maintenance of such sign and the performance of any work in its repair where located, which duty he cannot avoid or shift to another by means of any contract." Richman Brothers Co. v. Miller, 131 Ohio St. 424, 3 N.E.2d 360, 361.

Before the trial of the Miller case, Richmond Brothers Company, taking the position that entire responsibility for the accident rested upon appellee, requested the latter to assume the cost of defense of the litigation. This, the appellee declined to do. After the judgment was rendered, Richman Brothers Company demanded that appellee satisfy the judgment and pay the cost and expense of the litigation. The appellee disclaimed responsibility upon the ground that Margaret Miller's recovery against Richman Brothers Company resulted from the latter's own negligence.

The instant action was instituted against appellee by the insurer of Richman Brothers Company, upon the predicate that all duties owed by its assured to Margaret Miller were duties which devolved upon appellee by virtue of its contract with Richman Brothers Company and by reason of its duty, while performing work under the contract, to protect the public from injury. The appellant avers that the proximate cause of the injury to Margaret Miller was the failure of appellee to fulfill these duties.

Appellant asserts that Richman Brothers Company is entitled to exoneration by appellee for loss and expense sustained as a result of the injury to Margaret Miller; and that appellant, as insurer, having paid such loss and expense is subrogated to the rights of Richman Brothers Company and is entitled to indemnification by appellee.

The district court sustained a demurrer to the petition of appellant; an appeal was taken; and, in Continental Casualty Company v. Ohio Edison Company, 6 Cir., 101 F.2d 1008, the judgment on demurrer was reversed and the cause remanded by this court upon the authority of Fidelity & Casualty Co. of New York v. Federal Express, Inc. (Fidelity & Casualty Co. of New York v. Fornaro Company) 6 Cir., 99 F.2d 681.

In the Fidelity & Casualty Company cases cited, which were disposed of in a single opinion, the facts were that an insurer, having in performance of its contractual obligation paid judgments rendered against its insured in tort actions for personal injuries resulting from negligence, brought suits for indemnity against parties charged to have been authors of the primary and active wrongful conduct which, in each instance, led to the injury and subsequent judgment against the insured. The defendants had been co-defendants with the insured in the tort actions and had been adjudged free from liability to the respective plaintiffs.

In reversing the action of the district court in sustaining demurrers to the insurance company's petitions in the Fidelity & Casualty Company cases, this court rejected the contention that the insurer was estopped by the judgments against its insured in the respective tort actions, and pointed out that the issues between the co-defendants in the primary cases involved had not been joined and that the causes of action asserted by the insurer had never been presented to or decided in any court. It was held that the insurer was entitled to its day in court. The principle was recognized that while generally a wrongdoer has no right to indemnity from a joint wrongdoer, because there is no contribution between joint tort-feasors, in many jurisdictions he may recover against a joint tort-feasor where the primary or active fault rests upon the latter. See Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; George A. Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422; City of Owensboro v. Westinghouse, etc., Co., 6 Cir., 165 F. 385; and other cases cited in the opinion [99 F.2d 682].

Pursuant to the remand, the appellant, Continental Casualty Company, has had its day in court in the trial of the issues joined on its petition and the answer of the defendant. The case was tried on a stipulated record which embraced a part of the testimony introduced in the trial of the case of Margaret Miller v. Richman Brothers Company, heretofore discussed. The parties having waived a jury, the district judge rendered judgment against appellant and ordered that the stipulation of facts should stand as findings of fact and that the oral opinion of the court should stand as conclusions of law.

■ (1) Though challenged by appellee, the right of appellant, a citizen of Indiana, to sue appellee, a citizen of Ohio, in a Federal district court in Ohio, despite the fact that appellant's insured is a citizen of

Ohio, is clear beyond cavil. One subrogated to the rights of another may stand in the Federal Courts upon his own citizenship, regardless of the citizenship of the person to whose rights he is subrogated. New Orleans v. Gaines' Administrator, 138 U.S. 595, 606, 11 S.Ct. 428, 34 L.Ed. 1102; Staples v. Central Surety Co., 10 Cir., 63 F.2d 650, 652; Borserine v. Maryland Casualty Co., 8 Cir., 112 F.2d 409.

■ (2) The issue of liability involved herein must be resolved upon principles of Ohio law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The highest state court is the final authority on state law. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. In determining state law, the Federal Courts must look not alone to the opinions of the highest court of the state, for "a state is not without law save as its highest court has declared it"; and "a federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court, even though it thinks the rule is unsound in principle or that another is preferable." The Supreme Court of the United States has directed that "where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." The admonition has also been given that "the federal court is not free to apply a different rule however desirable it may believe it to be, and even though it may think that the state Supreme Court may establish a different rule in some future litigation." West v. American Telephone & Telegraph Co., 311 U.S. 223, 236, 237, 238, 61 S.Ct. 179, 183, 184, 85 L.Ed. 139, 132 A.L.R. 956.

(3) Applying these criteria, we have reached the conclusion that the decision of the Court of Appeals of Ohio for Summit County, in Newark Shoe Stores Co. v. Luthe, 50 Ohio App. 86, 197 N.E. 498, decided March 28, 1935, is controlling authority here. The opinion reveals that Newark Shoe Stores Company and its insurer, New Amsterdam Casualty Company, by right of subrogation filed a petition against Luthe to recover a money judgment awarded against the store company in a tort action. A demurrer to the petition was sustained and judgment was entered for the defendant.

The petition alleged that the Newark Shoe Stores Company had contracted with the defendant, Luthe, to wash and paint an electric sign, erected some eighteen feet above and over the sidewalk in front of its store and suspended from a rod, attached to the face of the building. By the contract, defendant was required "to use only the best and highest grade material, in first-class condition, and to complete said work in first-class condition, and skilled labor, and to complete said work in first-class, skilful and workmanlike manner."

In performance of the work provided for in the contract, employees of the defendant contractor leaned a ladder against the side of the sign-supporting rod. An employee mounted the ladder, the rod bent, and ladder slipped and fell to the sidewalk and injured a person standing nearby. The injured man recovered damages in an action brought against the storekeeper for personal injuries.

In denying the liability of the contractor to indemnify the store company in the amount of the money judgment rendered against it, the Court of Appeals of Ohio promulgated this syllabus to its opinion:

"In a suit against an independent contractor for damages for breach of contract, an allegation in the petition that the contractor agreed to complete the work in a 'first-class skilful and workmanlike manner' is not sufficient to charge that the contractor agreed to take precautions to protect the public from injury resulting from the performance of the contract, or otherwise to perform the duties owing by the plaintiff to the public."

In the opinion, the court stated: "There is no allegation in the petition that the shoe company contracted with the defendant to perform for the shoe company its duty to the public in taking proper precautions by warning or otherwise to protect the public while using the sidewalk. The allegation that the defendant contracted to do the work 'in a first-class, skilful and workmanlike manner' simply describes the result to be accomplished; the kind of a job to be done; and by no construction, however liberal, does it charge that the defendant contracted to take precautions to protect the public from injury or to perform the duty owing by the shoe company to the public.

"And likewise, the allegation that 'the skillful and workmanlike handling of the said job by the said defendant contemplated proper tests to ascertain that the said ladder would not be erected and pressure thereby exerted against any object that was not sufficiently solid for its support, and the erection of barriers and the taking of other precautions to keep the public away from the range of the said ladder,' is not an allegation that the defendant agreed to do those things or to perform the shoe company's duty to protect the public from injury.

"There being no allegation in the petition that the defendant, Edwin J. Luthe, agreed to do that which it is claimed constituted a breach of his contract, no cause of action is stated for damages for breach of contract." 197 N.E. 499.

In the case at bar, as has been seen from analysis of the contract, there was likewise no undertaking by appellee to warn pedestrians or to take precautions to keep the public away from the sidewalk underneath the sign, or to perform any duty which Richman Brothers Company owed to the public. Nor can any indemnity undertaking be spelled from the language of the contract between appellee and Richman Brothers Company. The Newark Shoe Stores case seems plainly in point against the position of appellant.

(4) The contention is made that, notwithstanding the binding effect of Newark Shoe Stores Company v. Luthe, supra, appellant is entitled to recover in this action, upon the basis of Ohio law as declared in certain opinions of the Supreme Court of Ohio and of intermediate appellate courts of that state. The cases cited by appellant have been examined and found not to support its position.

In Morris v. Woodburn, 57 Ohio St. 330, 48 N.E. 1097, the owner of a lot abutting a street was held liable to a pedestrian for negligently placing a defective covering over the sidewalk, notwithstanding the non-performance by the municipality of its statutory duty to keep the street in repair. Observing that the injured person enjoyed the right to recover against either the city or the landowner, the court said that "it appears, from reason and authority, that the primary liability in such case is upon him who actively creates the nuisance; so that, if a recovery were had against the city, it might in turn recover from the perpetrator of the wrong." Op.,

57 Ohio St. 335, 48 N.E. 1097. But the application of the stated doctrine was not involved in the case.

Similar obiter dicta is read in Wilhelm v. City of Defiance, 58 Ohio St. 56, 63, 64, 50 N.E. 18, 40 L.R.A. 294, 65 Am.St.Rep. 745. In that case, however, the city was denied indemnity from an abutting landowner, on account of a judgment recovered against the city for injury occasioned by the landowner's negligent construction of a sidewalk in front of his premises. Indemnity was denied, upon the ground that the statute requiring the municipality to keep public highways in repair and free from nuisance forced the conclusion that, when a municipality accepts a sidewalk constructed by the owner of abutting property, liability for negligence in construction and maintenance remains upon the city.

Three intermediate appellate court decisions in Ohio are cited by appellant. City of Cincinnati v. Boston, 1917, 7 Ohio App. 350, held that a municipality, against which judgment had been rendered upon the basis of its statutory duty to keep public streets open, in repair and free from nuisance, could recover over against the excavator who actually created the nuisance for which the city had been held liable. On its facts, the case is not analogous to the case at bar. Even if it were, its authority is weakened by its apparent conflict with the higher authority of Wilhelm v. Defiance, supra.

From both its syllabus and opinion, Newell Bridge & Railway Co. v. East Liverpool Traction & Light Co., 1916, 7 Ohio App. 241, seems unimportant upon the question of indemnity involved here. The court stated that the case was "not an action for contribution as we view it," but an action "to recover for injuries to the plaintiff by reason of the sole negligence of the defendant."

In Northern Ohio Railway Company v. Akron Canal & Hydraulic Co., 1905, 7 Ohio Cir.Ct.R.,N.S., 69, while recognizing and applying the doctrine that one held accountable in damages for neglect of duty on his part may recover over against another who directly caused the injury, the circuit court of Summit County, in allowing an indemnification recovery, expressed doubt as to the correctness of its decision. It may be well to observe that the court of appeals for the same county promulgated the later decision in Newark Shoe Stores Co. v. Luthe, supra, which we

have found it our duty to follow. So far as inconsistent with the later case, the doctrine of the earlier case must fall.

By reason of its readily discernible factual differentiation, Sack v. A. R. Nunn & Son, 129 Ohio St. 128, 194 N.E. 1, requires no discussion here.

(5) The general rule is recognized in Ohio that there is no right of contribution between persons whose concurrent negligence has rendered them liable in damages. Royal Indemnity Co. v. Becker, 122 Ohio St. 582, 173 N.E. 194, 75 A.L.R. 1481. The Supreme Court of Ohio has declared: "The rule that there cannot be contribution among joint tort-feasors is firmly embedded in our law. [Citing cases.] So long as the rule exists, of necessity, an indemnitor of one joint tort-feasor cannot receive any sum paid to an injured third party from the other tort-feasor." Automobile Ins. Co. v. Pennsylvania R. Co., 133 Ohio St. 449, 457, 14 N.E.2d 613, 616.

(6) Mr. Justice Day discussed the principle in Union Stock Yards Co. v. Chicago, etc., R. R. Co., 196 U.S. 217, 228, 25 S.Ct. 226, 229, 49 L.Ed. 453, 2 Ann.Cas. 525, where, having found the negligence of a terminal company and a railroad company to be "of the same character," the Supreme Court held that the terminal company could not recover from the railroad company the amount of judgment awarded an employee of the former who sued his employer alone, even though it appeared that the duty of inspection of a defective brake, which caused the injury, was first required of the railroad company. The case was declared not to come within "that exceptional class which permits one wrongdoer who has been mulcted in damages to recover indemnity or contribution from another."

(7) As has been demonstrated, there was no express or implied contract upon the part of appellee to indemnify appellant's insured against the legal liability of the latter established by the state court judgment.

Moreover, in obedience to mandate, the district court has afforded appellant its day in court in a trial upon the merits. Upon that trial, in which opportunity was presented to introduce such evidence as it desired, appellant was content to proceed upon stipulation that selected portions of the transcript of the testimony introduced at the trial of Margaret Miller v. Richman Brothers Company, supra, would constitute the evidence in this case. The district judge adopted such evidence as his findings of fact.

The facts thus revealed fall far short of constituting preponderant proof that appellee was guilty of primary actionable negligence, which caused the injury and damage for which Richman Brothers Company was held legally responsible in the Ohio court.

It is reasonable to assume that appellant omitted from the stipulated record no evidence introduced upon the state court trial of benefit to its instant action. If it did so, the hazard was of its own choosing.

The plight of appellant, in attempting to shift to appellee the blame for primary actionable negligence, may be spelled from the opinion of the Supreme Court of Ohio, which, in reviewing evidence chosen by appellant as the factual basis upon which its cause is rested, said: "No barricades or warning signs had been erected, which fact had been brought to the attention of the manager of the Richman Bros. Company the day previous to the accident, together with information that paint was falling to the walk as a result of the work being done above." Richman Brothers Co. v. Miller, supra, 131 Ohio St. at page 427, 3 N.E.2d at page 362.

From the failure of appellant's insured, possessed of this knowledge, to take precautionary measures, its own primary negligence may be inferred.

No ground appears upon which appellant is entitled to recover by the application of Ohio law to the facts found in this case. The judgment of the district court is affirmed.