DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Alfred J. Alvarez tripped and fell as he was entering a branch of National City Bank. He sued the bank, alleging that it had negligently maintained a rug that was near the door. He also sued for spoliation of evidence because the bank did not keep the rug that allegedly caused his fall. The trial court granted summary judgment to the bank, concluding that it did not breach its duty to Mr. Alvarez. The court noted that an independent contractor created the hazard just before Mr. Alvarez entered the bank and that the bank did not have sufficient time to warn him or cure the problem. The court also concluded that there was no evidence that the bank willfully destroyed the rug or that its destruction disrupted Mr. Alvarez's case. This Court affirms because Mr. Alvarez did not present any evidence that the bank controlled how the rug was placed or that his case was disrupted by the bank's failure to keep the rug. *Page 2 
 FACTS {¶ 2} At the time of his fall, Mr. Alvarez was working for a courier service that had been hired to collect items from National City's branch locations each day. As Mr. Alvarez walked through the door of one of the branches carrying two empty bags, it suddenly felt "like someone had a hold of [his] leg and [he] took a dive right into the ground." While he did not notice anything unusual before he fell, when he looked back at the entrance from where he was lying on the ground, he saw that part of a rug that was near the door was flipped up. According to the manager of the bank, the "rugs are placed and removed by a service. Bank employees do not take them up, send them to get cleaned. It's all done by another contract service."
 {¶ 3} An off-duty police officer, who was providing security for the bank, saw Mr. Alvarez fall. He said that, just before Mr. Alvarez entered the bank, an employee from the company Cintas placed the rug on the floor. He said that the Cintas employee "put the rug down and was kicking it flat, saw that it was still kicked up, and kind of did one of these to see if anybody was looking and walked out." The officer said he was getting up to kick the rug down when Mr. Alvarez came through the door and tripped.
 {¶ 4} Mr. Alvarez sued the bank for negligence, alleging that it had failed to monitor the position of the rug. After discovering that the bank no longer had the rug that he tripped on, Mr. Alvarez amended his complaint to add a claim for spoliation of evidence. The bank moved for summary judgment, arguing that it did not owe Mr. Alvarez a duty because the hazard he encountered was open and obvious. It also argued that it was not responsible for what the independent contractor did to the rug. Regarding the spoliation claim, it argued that there was no evidence concerning when the rug was removed from the bank, that it willfully destroyed evidence, or that Mr. Alvarez could not prove his claim without the rug. *Page 3 
 {¶ 5} The trial court granted the bank's motion. It found that genuine issues of material fact existed regarding whether the hazard created by the rug was open and obvious. It concluded, however, that the Cintas employee's knowledge of the hazard could not be imputed to the bank. It also concluded that, even if the security officer's knowledge could be imputed to the bank, he did not know about the hazard long enough to cure it or warn Mr. Alvarez. The court further concluded that there was no evidence that the bank willfully destroyed evidence or that Mr. Alvarez's case was disrupted because the rug was gone. Mr. Alvarez has appealed, assigning two errors.
 NEGLIGENCE {¶ 6} Mr. Alvarez's first assignment of error is that the trial court incorrectly granted National City summary judgment on his negligence claim. In reviewing a ruling on a motion for summary judgment, this Court applies the same standard that the trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co.,66 Ohio App. 3d 826, 829 (1990).
 {¶ 7} "To prevail in a negligence action, the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." Robinson v. Bates,112 Ohio St. 3d 17, 2006-Ohio-6362, at ¶ 21 (citing Menifee v. Ohio Welding Prods.Inc., 15 Ohio St. 3d 75, 77 (1984)). "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." Armstrong v. Best Buy Co. Inc.,99 Ohio St. 3d 79, 2003-Ohio-2573, at ¶ 5. "This includes the duty to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor which a patron should not be expected to *Page 4 
discover or protect himself against." Jackson v. Kings Island,58 Ohio St. 2d 357, 359 (1979). "It is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches. . . ." LaCourse v. Fleitz, 28 Ohio St. 3d 209, 210
(1986). "Constructive notice cannot be proved without a factual basis that the hazard existed for a sufficient time to enable the exercise of ordinary care." Thomas v. Rebman Recreation Inc., 9th Dist. No. 02CA008194, 2003-Ohio-2640, at ¶ 13 (quoting Smith v. Playland ParkInc., 9th Dist. No. 16688, 1994 WL 604127 at *1 (Nov. 2, 1994)).
 {¶ 8} Mr. Alvarez has argued that National City knew that its rugs had caused other patrons to fall. He testified that, after he fell, the manager of the bank approached him and said "that damn rug." In addition, the agent who investigated his claim testified that he had investigated approximately five slip and fall cases for National City involving rugs.
 {¶ 9} Mr. Alvarez deposed the bank manager, but did not ask him about the statement he allegedly made about the rug. He also did not ask whether any other people had tripped on a rug at that branch. While the manager testified that he tries to watch the rugs to make sure they do not get folded and that people sometimes kick them up, he said they do not get kicked up very often. Regarding the National City agent who investigated the incident, Mr. Alvarez did not ask him whether anyone had previously tripped on a rug at the same branch where he fell. Accordingly, he failed to demonstrate that a genuine issue of material fact exists regarding whether the bank knew that the rug near the door was a hazard.
 {¶ 10} Mr. Alvarez has also argued that the Cintas employee's knowledge that the rug was flipped up should be imputed to the bank because the employee was an agent of the bank and created the hazard. "Generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeatsuperior, but not for the negligence of *Page 5 
an independent contractor over whom it retained no right to control the mode and manner of doing the contracted-for work." Clark v. SouthviewHosp. Family Health Ctr., 68 Ohio St. 3d 435, 438 (1994). "The chief test in determining whether one is an employee or an independent contractor is the right to control the manner or means of performing the work." Bobik v. Indus. Comm'n, 146 Ohio St. 187, paragraph one of the syllabus (1946). "Although the determination of whether a person is an agent is usually a question of fact for a jury," a court can determine the question "as a matter of law [if] the relevant facts [ ] are not in dispute." Damon's Missouri Inc. v. Davis, 63 Ohio St. 3d 605, 612
(1992).
 {¶ 11} Mr. Alvarez has argued that National City did not offer any evidence that the person who laid the rug was an independent contractor. To the contrary, the bank manager testified that the "rugs are placed and removed by a service. Bank employees do not take them up, send them to get cleaned. It's all done by another contract service."
 {¶ 12} If the party moving for summary judgment meets its burden under Rule 56(C) of the Ohio Rule of Civil Procedure by identifying the specific parts of the record that demonstrate that there are no issues of material fact as to the essential elements of a claim, the nonmoving party bears a reciprocal burden of setting forth specific facts demonstrating that an issue of fact exists for trial. Dresher v.Burt, 75 Ohio St. 3d 280, 293 (1996); Civ. R. 56(E). Mr. Alvarez did not present any evidence that National City controlled how the rugs were placed in its lobby. The trial court, therefore, correctly concluded that the Cintas employee's knowledge could not be imputed to the bank.
 {¶ 13} Mr. Alvarez has argued that, even if Cintas is an independent contractor, National City is still liable. The Ohio Supreme Court has held that, "[w]here danger to others is likely to attend the doing of certain work unless care is observed, the person having it to do is under a *Page 6 
duty to see that it is done with reasonable care, and cannot, by the employment of an independent contractor, relieve himself from liability for injuries resulting to others from the negligence of the contractor or his servants." Richman Bros. Co. v. Miller, 131 Ohio St. 424, paragraph one of the syllabus (1936). If "the nature of the work contracted involves the need for some specific precaution, such as a railing around an excavation in a sidewalk, or the work involved is inherently dangerous, such as blasting," an employer can be "held liable under the traditional nondelegable duty exception." Albain v. FlowerHosp., 50 Ohio St. 3d 251, 261 (1990), overruled in part on other grounds by Clark v. Southview Hosp. Family Health Ctr.,68 Ohio St. 3d 435, syllabus (1994). Under the nondelegable duty exception, "[liability is premised on the peculiar risks and special precautions attendant to the work itself, not upon a `holding out' by an employer that it has assumed a particular duty." Id.
 {¶ 14} Mr. Alvarez has not identified any peculiar risks associated with placing rugs on a floor that would suggest that the bank had a nondelegable duty to assure that they were laid flat. Furthermore, laying rugs in a bank lobby is not an inherently dangerous activity. SeePusey v. Bator, 94 Ohio St. 3d 275, 280 (2002) ("The work must create a risk that is not a normal, routine matter of customary human activity, such as driving an automobile, but is rather a special danger to those in the vicinity arising out of the particular situation created, and calling for special precautions."). This Court, therefore, concludes that Mr. Alvarez has failed to establish that genuine issues of material fact exist regarding whether the bank breached its duty of care. His first assignment of error is overruled.
 SPOLIATION {¶ 15} Mr. Alvarez's second assignment of error is that the trial court incorrectly granted the bank summary judgment on his spoliation claim. To establish a claim for spoliation or *Page 7 
destruction of evidence, a plaintiff must establish: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiffs case, (4) disruption of the plaintiffs case, and (5) damages proximately caused by the defendant's acts[.]" Smith v. Howard Johnson Co.Inc., 67 Ohio St. 3d 28, 29 (1993).
 {¶ 16} The trial court granted National City summary judgment because Mr. Alvarez did not present any evidence that the bank willfully destroyed evidence to disrupt his case or that his case was, in fact, disrupted. Mr. Alvarez has argued that, even though there is no evidence that National City intentionally failed to retain the rug, intent can be inferred from the surrounding circumstances. He has also argued that the rug was material evidence, the loss of which disrupted his ability to present his case in chief.
 {¶ 17} Mr. Alvarez has failed to establish that there is a genuine issue of material fact that his case was disrupted. He has not explained how the rug would have helped him prove his case. He also has not alleged that the rug was special or unique. In fact, he testified that there was nothing unusual about the rug, that it was same type of rug that National City has inside the entranceways of each of its branch offices. Accordingly, even if the rug could have helped him illustrate his negligence claim, he has not established that he could not obtain an identical rug from Cintas or the bank. His second assignment of error is overruled.
 CONCLUSION {¶ 18} The trial court correctly concluded that genuine issues of material fact do not exist regarding whether National City is liable for Mr. Alvarez's fall or whether its failure to retain evidence interfered with his case. The judgment of the Summit County Common Pleas Court is affirmed. *Page 8 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CLAIR E. DICKINSON FOR THE COURT
 CARR, P. J. WHITMORE, J., CONCUR *Page 1