[Cite as *Wunderle v. Ohio Dept. of Transp.*, 2016-Ohio-1108.]

| | |
|---|---|
| BRIAN WUNDERLE | Case No. 2015-00851-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1} Plaintiff Brian Wunderle (hereinafter "plaintiff") filed this claim on October 1, 2015 to recover damages which occurred when his 2012 Honda Civic was struck by a piece of debris on September 11, 2015 while traveling under the Hudson Road bridge on Interstate 71 in Franklin County, Ohio. This road is a public road maintained by the Ohio Department of Transportation (hereinafter "ODOT"). On this date, this section of the interstate was under construction by Complete General Construction Company. Plaintiff's vehicle sustained damages in the amount of $2,949.51. Plaintiff maintains a collision insurance deductible of $250.00.

{¶2} The facts of the case are as follows: The plaintiff's vehicle was damaged when a piece of debris from a construction site on the Hudson Road overpass fell and struck and shattered the rear window of his vehicle. This overpass was part of the construction site of the Complete General Construction Company, who was working on a road improvement project pursuant to contract with ODOT. Both plaintiff and a witness saw the debris fall from the work site hitting plaintiff's vehicle. In addition to the broken window, the window frame was damaged as well.

{¶3} In this action, ODOT stands in the position of an employer, while the Complete General Construction Company may be regarded as an independent contractor. The general rule of law is that an employer is not liable for the negligent acts of an independent contractor. Pusey v. Bator (2002), 94 Ohio St.3d 275, 762

N.E.2d 968.    However, "[o]ne who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger."    Bohme, Inc. v. Sprint Internatl. Communications Corp. (1996), 115 Ohio App.3d 723, 736, 686 N.E.2d 300, citing Restatement of the Law 2d, Torts (1965), Section 427.    See, also, Richman Bros. v. Miller (1936), 131 Ohio St. 424, 6 O.O. 119, 3 N.E.2d 360.    In Pusey, supra, the Supreme Court of Ohio explained that when work is inherently dangerous, "the employer hiring the independent contractor has a duty to see that the work is done with reasonable care and cannot, by hiring an independent contractor, insulate himself or herself from liability for injuries resulting to others from the negligence of the independent contractor or its employees."   Id. at 279-280, 762 N.E.2d 968.    In other words, when a certain task is inherently dangerous, an employer becomes liable for the negligence of a subcontractor in "failing to take precautions against the danger involved in the work itself, which the employer should contemplate at the time of his contract."    Restatement of the Law 2d, Torts (1965), Section 427, Comment d.

{¶4} In determining whether or not ODOT is negligent in this case, the Court must determine whether road construction on an interstate highway is an inherently or intrinsically dangerous activity.   "Ohio courts have generally treated the issue of whether employment is inherently dangerous as a question of law to be determined by the Court."    Tackett v. Columbia Energy Group Serv. Corp. (Nov. 20, 2001), Franklin App. No. 01AP-89, 2001 WL 1463383.    See, e.g., Bond v. Howard Corp. (1995), 72 Ohio St.3d 332, 650 N.E.2d 416; Pusey, supra, 94 Ohio St.3d at 275, 762 N.E.2d 968.

{¶5} The Supreme Court defined work as being inherently dangerous when it "creates a peculiar risk of harm to others unless special precautions are taken." Id. at 279, 762 N.E.2d 968. "[I]t is not necessary that the work be such that it cannot be done without a risk of harm to others, or even that it be such that it involves a high risk of such harm. It is sufficient that the work involves a risk, recognizable in advance, of physical harm to others, which is inherent in the work itself." Id. at 280, 762 N.E.2d 968, citing Restatement of the Law 2d, Torts (1965), Section 427, Comment b.

{¶6} Applying this standard to the facts of this case, the Court concludes that roadway construction on an overpass over an interstate highway is an inherently dangerous activity and that, as a matter of law, such activity does create a peculiar risk of harm to others. Additionally, the fact that debris was falling from the overpass onto passing motorists underneath is sufficient to show that at least in this instance, the contractor failed to take reasonable precautions against such danger. Thus the defendant, Ohio Department of Transportation, may be held liable for plaintiff's losses in this case.

{¶7} Plaintiff's claimed repair costs were $2,949.51 and his insurance deductible is $250.00. Ohio law requires recoveries against the state to be reduced by any available insurance. Plaintiff's recovery is therefore limited to $250.00 plus the $25.00 filing fee, which may be reimbursed as compensable damages pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio Misc 2d 19, 587 N.E. 2d 990 (Ct. of Cl. 1990).

BRIAN WUNDERLE

    Plaintiff

    v.

OHIO DEPARTMENT OF
TRANSPORTATION

    Defendant

Case No. 2015-00851-AD

Clerk Mark H. Reed

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of the plaintiff in the amount of $275.00, which includes the filing fee.  Court costs are assessed against defendant.

MARK H. REED
Clerk

Entry cc:

Brian Wunderle
67 Warren Street
Columbus, Ohio 43215

Jerry Wray, Director
Ohio Department Of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio 43223

Filed 2/2/16
Sent to S.C. Reporter 3/18/16