NAGORSKI, Appellant,

v.

VILLAGE OF VALLEY VIEW et al., Appellees.

[Cite as *Nagorski v. Valley View* (1993), 87 Ohio App.3d 605.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62127.

Decided April 5, 1993.

*Paul Mancino, Jr.,* for appellant.

*Arthur P. Lambros, David J. Fagnilli* and *William M. Kovach,* for appellees.

DYKE, Chief Judge.

Appellant filed his complaint against the village of Valley View, the village's engineer, Donald Bohning, and Target Builders ("Target"). Appellant alleged in his complaint that "the defendant proceeded to conduct the course of activity through the operation of road moving equipment moving dirt and earth and trees

and vegetation and by the operation of the equipment which caused a nuisance; that the defendants were also careless and negligent in their operations."

Valley View filed a motion for summary judgment asserting that appellant had failed to allege any negligence on the part of the village. Even if appellant had alleged facts to constitute an action against the village, Valley View argued that it would be immune under R.C. Chapter 2744, the Political Subdivision Tort Liability Act. The trial court granted Valley View's motion for summary judgment.

Bohning filed a motion for summary judgment, also relying on the defense on nonliability under R.C. Chapter 2744. Bohning's motion was granted by the trial court.

Target filed its motion for summary judgment asserting the defense that it was not liable as a general contractor for the negligence, if any, of its subcontractor. Target also asserted that appellant had not alleged any real damage. The trial court granted Target's motion, as well.

Appellant admitted in his deposition testimony that he had bought the property in 1985 at a cost of $71,000 knowing that it was zoned for commercial development. An appraisal in 1989 indicated that the property's value had increased to $400,000. Appellant's complaint cites as damages to his property the excessive flooding, noise and dust. In the affidavit attached to appellant's brief in opposition to the motion for summary judgment, he also alleged that his property had sustained numerous cracks to the roof, walls and foundation.

Appellant appeals from each of the trial court's decisions to grant the respective appellees' motions for summary judgment.

## I

"The court committed prejudicial error in granting summary judgment to the defendant, Target Builders, as there were genuine issues of material fact which precluded the grant of a summary judgment."

Appellant argues that genuine issues of material fact exist as to his damages and as to Target's liability as a general contractor. The latter argument is without merit in that the issue is one of law and not of fact. However, appellant's first assertion is well taken.

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

A genuine dispute as to appellant's injuries exists, rendering summary judgment inappropriate.

Appellant's complaint alleged injuries which he asserted were proximately caused by defendant's negligence. Appellant argues that due to the failure of the excavation crew to adhere to the conditions of the permit granted by the village, his property has sustained damage. Appellant kept a record of his problems on wall calendars for the years 1988 and 1989. At various times he experienced excessive amounts of dust from the excavation project. At other times his yard was subject to flooding from the crew's failure to provide sediment barriers to prevent runoff, as required by the permit. His calendars also made note of the days on which heavy equipment was running at hours outside those permitted by the village.

Target alleges that appellant's water problem pre-existed its excavation work and, further, that appellant should expect a certain amount of noise and dust when living in an area zoned for commercial usage. A genuine issue of material fact exists as to whether the water problem was caused by or greatly exacerbated by Target's negligence and whether the amount of dust and noise exceeded that to be normally expected in a commercially zoned district.

■ As to Target's liability as a general contractor for the negligence of its subcontractor, the law in Ohio holds that:

"Where danger to others is likely to attend the doing of certain work, unless care is observed, the person having it to do, is under a duty to see that it is done with reasonable care, and cannot, by the employment of an independent contractor, relieve himself from liability for injuries resulting to others from the negligence of the contractor or his servants." *Richman Bros. v. Miller* (1936), 131 Ohio St. 424, 6 O.O. 119, 3 N.E.2d 360, at paragraph one of the syllabus; *Covington & Cincinnati Bridge Co. v. Steinbock & Patrick* (1899), 61 Ohio St. 215, 55 N.E. 618, at paragraph one of the syllabus. See, also, *S. Ohio RR. Co. v. Morey* (1890), 47 Ohio St. 207, 24 N.E. 269, at paragraph three of the syllabus.

■ It is clear from the line of cases cited by the Ohio Supreme Court in *Richman* and *Covington* that excavation work is precisely the type of activity meant to be excepted from the general rule of nonliability as to the general contractor for a subcontractor's negligence. Target took on a project which was inherently dangerous to other persons and property if not done with reasonable care. The village's permit specified the precautions to be taken by the excavators in order to prevent damage to the adjacent property. It is unclear from any of the submitted briefs, attached affidavits or appellant's deposition whether Target or its subcontractor followed the conditions set by the village's permit. This is an issue of fact which would necessarily be determined upon remand to the trial

court. Under the law, Target is not immune from the liability of its subcontractor's negligence if it stemmed directly from the excavating work, as appellant alleges. See *S. Ohio RR. Co. v. Morey, supra.*

Appellant's first assignment of error is sustained.

## II

"The court committed prejudicial error in granting summary judgment to the defendant, Donald G. Bohning & Assoc., Inc."

## III

"The court committed prejudicial error in granting summary judgment to the village of Valley View as it owed a special duty to the plaintiff in these circumstances."

■ The village's decision to grant Target an excavation permit and the village engineer's responsibility in setting forth the specifics of the permit and enforcing it are not functions which give rise to liability on the part of the political subdivision or its employee.

Under R.C. 2744.02(A)(1) the village of Valley View would not be liable for "any act or omission * * * in connection with a governmental or proprietary function." Included in the definition of a "governmental function" is:

"The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures." R.C. 2744.01(C)(2)(p).

■ Under *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, and *Williams v. Pavlovich* (1989), 45 Ohio St.3d 179, 543 N.E.2d 1242, the village and its engineer would also be immune from liability under the public duty rule. A special duty to appellant has not been established on the facts of this case to create an exception to the public duty rule.

Appellant's second and third assignments of error are overruled.

The trial court's grant of the motions for summary judgment for the village of Valley View and Bohning is affirmed. The trial court's decision to grant Target's motion for summary judgment is reversed. This cause is remanded for a trial on

610

the merits to determine the issues of fact raised by appellant in its complaint against Target.

*Judgment accordingly.*

MATIA and PORTER, JJ., concur.