OPINION
Plaintiffs-appellants, George and Doris Fedorisin, appeal the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of defendant—appellee, the City of Youngstown.
Appellants are the owners of a tract of land located in Youngstown, Ohio. The land in question lies generally to the east of land owned by Douglas Everett and the Aberdeen
Corporation. By correspondence dated September 25, 1991, appellee authorized Everett to begin the excavation of a detention basin on his property. Said correspondence further provided that "[a]ll work must be accomplished in accordance to State of Ohio Specifications inspected daily by the City of Youngstown Construction Inspector."
Prior to receiving the authorization from appellee, Everett executed an Assurance and Release on August 23, 1991, holding harmless and indemnifying appellee for any damages, claims, or legal actions arising as a result of the installation and use of the detention basin. Appellee also reviewed the specifications for the detention basin submitted by the engineering consultant for Everett prior to giving its approval for the project. Although appellee performed inspections periodically, appellee did not perform inspections on a daily basis.
Following construction of the detention basin, abnormally large amounts of rain fell in the Youngstown area, causing appellants' property to flood. On September 24, 1992 appellants filed a complaint against Everett, Aberdeen Corp., and appellee. According to the complaint, prior to the construction of the detention basin, a natural stream had flowed across Everett's land, then across appellants' land, which stream then discharged into the Mahoning River. Appellants alleged that as a result of the construction of the detention basin on Everett's land, abnormal amounts of surface water had drained onto appellants' land causing damage. In addition, appellants' claimed that the detention basin had not been constructed in accordance with the plans and specifications submitted to appellee, and that appellee had failed to inspect the project on a daily basis.
On October 16, 1992, Everett and Aberdeen Corp. filed an answer and counterclaim against appellants, which counterclaim was subsequently amended. On October 4, 1993, appellee filed its answer raising several affirmative defenses, including immunity from liability pursuant to R.C. 2744, et. seq.
Thereafter, on August 4, 1994, appellee filed a motion for summary judgment, asserting immunity from liability and pointing out the receipt of the assurance and release from Everett executed on August 23, 1991. On August 18, 1994, appellee filed an amended answer which included a cross-claim against Everett and Aberdeen Corp. On October 31, 1994, Everett, Aberdeen Corp., and appellee filed a joint motion for summary judgment. The motion claimed that appellants had failed to provide expert testimony in support of their case. The trial court overruled the motion on November 22, 1994.
Appellee thereafter filed an amended motion for summary judgment based on its prior motion, and the holding in Nagorskiv. Valley View (1993), 87 Ohio App.3d 605. Everett and Aberdeen Corp. then filed a motion for summary judgment on appellee's cross-claim. On July 30, 1996, the, trial court filed its judgment entry sustaining appellee's amended motion for summary judgment, finding that appellee was immune from liability for the acts and omissions alleged by appellants. The trial court further dismissed appellee's cross-claim against Everett and Aberdeen Corp. On August 29, 1996 appellants filed a timely notice of appeal to the trial court's decision. Defendants Everett and Aberdeen Corp. are not parties to the instant appeal.
Appellants set forth two assignments of error on appeal.
Because both assignments have a common basis in law and fact, they will be addressed together. Appellants' assignments of error allege as follows:
 "THE COURT ERRED IN GRANTING THE CITY OF YOUNGSTOWN'S MOTION FOR SUMMARY JUDGMENT.
 "THE COURT ERRED IN FINDING THAT THE CITY OF YOUNGSTOWN IS IMMUNE FROM LIABILITY FOR THE ACTS AND OMISSIONS COMITTED [sic] BY THE CITY OF YOUNGSTOWN."
Appellants argue that the trial court erred in granting summary judgment because there remained a factual issue as to whether the flooding of appellants' property would have occurred if appellee had inspected the construction of the detention basin on a daily basis. In addition, appellants argue thatNagorski, supra, relied on by the trial court, is distinguishable from the instant case because Nagorski did not involve daily inspections, and because the problem in Nagorski was dust and noise, as opposed to flooding.
Under Civ.R. 56, summary judgment is proper when:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) The moving party is entitled to judgment as a matter of law; and
 (3) It appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. Applied Cos.(1993), 67 Ohio St.3d 344, 346
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Id. Nevertheless, summary judgement is appropriate where a plaintiff fails to produce evidence supporting the essentials of its claim. Id.
R.C. 2744.02 (A) (1) provides that a political subdivision is generally immune from tort liability for injury, death, or loss to persons or property incurred in connection with the performance of a governmental or proprietary function. R.C.2744.02 (B) lists various exceptions to this grant of immunity, none of which are applicable to the instant case. Furthermore, R.C. 2744.01 (C) (2) defines a "governmental function" to include:
 "(1) [T]he provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system;
* * * * *
 "(p) The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures;
"* * *
(r) Flood control measures."
In its amended motion for summary judgment appellee argued that its enforcement of the construction permit was not a function giving rise to liability on appellee's part. R.C.2744.01 (C) (2) (p), is a legislative pronouncement to the same effect. The "provision or non provision of inspection serves of all types" is a governmental function for which appellee is immune from liability. Because appellee's involvement with the project in question falls squarely within this statutory grant of immunity, the trial court correctly granted appellee's motion for summary judgment.
We find no merit to appellants' argument that Nagorski,supra, is distinguishable from the instant case. In Nagorski, a property owner filed suit against a political subdivision, its engineer, and a general contractor, alleging that his property had been damaged through excessive flooding, noise, and dust on account of the negligent operation of road moving equipment.
Specifically, the property owner argued that the damage in question had resulted from the failure of the general contractor to adhere to the conditions of the permit granted by the subdivision, and the failure of the contractor to provide sediment barriers to prevent run off as required by the permit. The trial court granted summary judgment in favor of the subdivision and its engineer based on R.C. Chapter 2744.
On appeal, the property owner argued, as in the instant case, that the trial court had erred in granting summary judgment. In rejecting this argument, the Court of Appeals for Cuyahoga County stated:
 "The village's decision to grant Target [the general contractor] an excavation permit and the village engineer's responsibility in setting forth the specifics of the permit and enforcing it are not functions which give rise to liability on the part of the political subdivision or its employee." Nagorski, supra, at 609 (Emphasis added.)
In the instant case, appellants' claim that Nagorski is distinguishable in that the latter involved dust and noise rather than flooding, and that in Nagorski daily inspections were not required. To distinguish this case from Nagorski,
based on whether damage was caused by water as opposed to dust or noise, would be to create a distinction without a difference.
In any event, contrary to appellants' contention, the claim inNagorski involved damage from "excessive flooding, noise and dust." Id., at 607.
In addition, the court's opinion in Nagorski does not specify the exact inspection methods at issue in the case, presumably because irrespective of whether the subdivision had or had not provided them, the subdivision was nonetheless immune from liability under R.C. Chapter 2744. Similarly, in the instant case, appellee's decision to issue a permit and its enforcement of the conditions contained therein are not functions giving rise to liability on its part. Accordingly, the trial, court did not err in granting summary judgment.
Both of appellants' assignments of error are found to be without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs.
Vukovich, J., concurs.
APPROVED:
 __________________________________ Gene Donofrio, Judge