OPINION
{¶ 1} Appellant-plaintiff James Helfrich appeals the March 22, 2002, Judgment Entry of the Licking County Court of Common Pleas which dismissed appellant's amended complaint. Appellees-defendants are the City of Pataskala and the City of Pataskala Planning and Zoning Commission.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant, James Helfrich, owns six separate lots in the City of Pataskala, Ohio. The lots are situated side-by-side and are zoned R-3, single-family residential zone. Appellant filed applications with appellee, the City of Pataskala Planning and Zoning Commission, to have his lots combined and re-split and for zero lot line development. These applications were contingent upon each other. Appellant's application for zero lot line development was denied on June 17, 1998. Appellant appealed this decision to the Court of Common Pleas (Case No. 98CV375) but the matter was remanded to appellee for determination on the lot split application. Prior to filing an appeal to the Court of Common Pleas, appellant filed a second application for zero lot line development. This application was denied on July 16, 1998. Appellant never appealed that decision. On the remand of Case No. 98CV375, appellee denied the lot split application and the zero lot line development application.
 {¶ 3} Appellant filed an appeal to the Court of Common Pleas. On November 29, 1999, appellees filed a motion to dismiss the zero lot line development portion of the appeal on the basis of res judicata. By Judgment Entry filed January 18, 2000, the trial court granted said motion. By Judgment Entry filed September 20, 2000, the trial court affirmed the denial of the lot split application, finding the matter res judicata.
 {¶ 4} Appellant filed a pro se appeal. On appeal, this Court found that the matter was not res judicata.[1] Therefore, the decision of the trial court was reversed and the matter was remanded for further proceedings.
 {¶ 5} On February 16, 1999, appellant filed a civil suit in the Licking County Court of Common Pleas based upon the denial of his zoning applications. Appellant sought damages for loss of use of the land and fraud arising from the denial of the previous zoning applications. The case was removed to federal court based upon federal claims asserted by appellant. Upon consideration, the federal court granted summary judgment in favor of the defendants-appellees [hereinafter appellees][2]. The remaining state claims were remanded to the Licking County Court of Common Pleas [hereinafter trial court].
 {¶ 6} Once the remaining claims were remanded to the trial court, appellant motioned to amend his Complaint. The trial court granted that motion. On March 13, 2001, and after the Complaint had been amended, appellees filed a Motion to Dismiss for Failure to State a Claim, pursuant to Civ.R. 12(B)(6). By Judgment Entry filed March 22, 2002, the trial court granted appellees' motion to dismiss.
 {¶ 7} It is from the March 22, 2002, Judgment Entry that appellant appeals raising the following assignments of error:
 {¶ 8} "I. The lower court improperly dismissed appellant's claim under Civ. R. 12, B, 6 [sic] for failure to state claim upon which relief can be granted.
 {¶ 9} "II. The lower court errored [sic] when it dismissed appellant's complaint basing its decision on res judicata.
 {¶ 10} "III. The lower court ruled on federal question for which it had no jurisdiction.
 {¶ 11} "IV. The lower court errored [sic] when it dismissed a complaint that does comply with Ohio's notice pleading system because it does state grounds for relief, errored when it failed to consider all grounds for relief, errored [sic] when it dismissed with prejudice.[3]
 {¶ 12} "V. The lower court errored [sic] when it relied upon argument outside pleadings when it dismissed appellant's complaint under CIV R 12, B, 6 [SIC]."
 {¶ 13} To dismiss a complaint for failure to state a claim upon which relief may be granted under Civ.R. 12(B)(6), it must be shown "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." York v. Ohio State Hwy.Patrol (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. In applying this standard, all factual allegations in the complaint are taken as true and all reasonable inferences are made in favor of the nonmoving party. Appellate review of a Civ.R. 12(B)(6) dismissal is de novo. Hunt v.Marksman Prod. Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760,656 N.E.2d 726.
 {¶ 14} Appellant's assignments of error may be re-grouped into the following two basic assignments of error: 1) The trial court erred when it dismissed appellant's state claims; 2) The trial court erred when it dismissed appellant's federal 42 U.S.C. § 1983 claim. Each will be addressed in turn.
 I {¶ 15} In appellant's first assignment of error and fourth assignment of error appellant asserts, in part, that the trial court erred when it dismissed appellant's state claims based upon immunity and failure to sufficiently state or plead a claim in the complaint.[4]
This court will address the immunity issue first, as we find that issue to be dispositive.
 {¶ 16} In appellant's amended complaint, appellant sought money damages for appellees' "illegal, arbitrary, capricious, unreasonable and unsupported" denial of appellant's zoning applications to build on his property. The trial court, among other findings, found that appellees were immune from liability and, therefore, Civ.R. 12(B)(6) barred the action. We agree with the trial court.
 {¶ 17} We begin our analysis with R.C. Chapter 2744. Revised Code2744.02(A)(1) states, in part: "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The immunity afforded by R.C. 2744.02(A)(1) is subject to the five exceptions listed in R.C. 2744.02(B). Revised Code 2711.01(B) provides as follows:
 {¶ 18} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 19} "(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority . . . . [defenses to that liability are omitted]:
 {¶ 20} "(2) Except as otherwise provided in sections 3314.07 and3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 {¶ 21} "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 {¶ 22} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
 {¶ 23} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37
of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued."
 {¶ 24} If one of the exceptions apply, immunity can be reinstated if the political subdivision can successfully argue that one of the defenses contained in R.C. 2744.03 applies. Cater v. City of Cleveland,83 Ohio St.3d 24, 1998-Ohio-421, 697 N.E.2d 610.
 {¶ 25} The first question is whether appellees are entities entitled to the immunity granted in R.C. Chapter 2744. Under the Political Subdivision Tort Liability Act, "political subdivision" is defined as a "municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." R.C.2744.01(F). Under this definition, the City of Pataskala is a political subdivision. Pataskala's zoning department is an instrumentality carrying out the functions of the City of Pataskala. Both the City of Pataskala and its Zoning Commission are entitled to the immunity from tort liability provided to political subdivisions in R.C. Chapter 2744. SeeWilson v. Stark Cty. Dept. of Human Service, 70 Ohio St.3d 450, 452,639 N.E.2d 105, 1994-Ohio-394; R.C. 2744.01(B).
 {¶ 26} The next question is whether appellees' actions were protected by R.C. Chapter 2744. Enforcement of zoning laws is in the nature of a governmental function. State ex rel. Scadden, Franklin App. No. 01AP-800, 2002-Ohio-1352, 2002 WL 452472 (citing City of Columbus v.Bazaar Mgmt., Inc. (Jan. 6, 1983), Franklin App. No. 82AP 33). In this case, the appellees' actions in considering the applications clearly fell within the definition of a governmental function. See R.C.2744.01(C)(2)[5], Davis v. Allen, Hamilton App. Nos. C-010165, C-010202 and C-010260, 2002-Ohio-193, 2002 WL 63560; Brewer v. Butler Cty. Bldg. Zoning Dept. (2001), 142 Ohio App.3d 567, 574, 756 N.E.2d 222;Nagorski v. Valley View (1993), 87 Ohio App.3d 605, 609, 622 N.E.2d 1088.
 {¶ 27} Thus, we find that the appellees were political subdivisions engaged in a governmental function when appellant's applications to build on his property were considered and denied. Further, appellant failed to assert that the action of the City of Pataskala Commission fell within one of the exceptions to immunity in R.C. 2744.02(B). Therefore, the City of Pataskala and its zoning commission are immune from liability under R.C. 2744.02(A)(1) and we need not consider whether one of the defenses found in R.C. 2744.03 applies. Since the City and its Zoning Board are immune from liability, the trial court did not error in dismissing appellant's state claims.
 {¶ 28} In the fourth assignment of error, appellant argues that the trial court should have given him deference as a pro se litigant and allowed appellant an opportunity to amend the complaint before it dismissed the complaint. Appellant also contends that even if the dismissal was appropriate, the dismissal should not have been with prejudice. We disagree.
 {¶ 29} The trial court had no duty, under these circumstances, to give appellant deference or an additional opportunity to re-plead. The dismissal arose as a result of a motion to dismiss. That motion gave appellant notice and an opportunity to amend the complaint and/or respond to the motion. Cf. Mayrides v. Franklin Cty. Prosecutor's Office (1991),71 Ohio App.3d 381, 594 N.E.2d 48. The trial court was not required to give appellant additional opportunities.
 {¶ 30} Further, if appellant had been given an opportunity to re-plead, it would not have overcome the fact that the City of Pataskala and its Zoning Commission is entitled to immunity pursuant to Chapter 2744. Likewise, and for the same reason, we find no error in the trial court's dismissal with prejudice.
 {¶ 31} Appellant's first and fourth assignments of error, as concern state claims brought by appellant, are overruled.
 II {¶ 32} Appellant also challenges the trial court's dismissal of his federal civil rights claim, brought pursuant to 42 U.S.C. § 1983. First, in his third assignment of error, appellant argues that the trial court had no authority to address such a federal claim. We disagree. State common pleas courts have concurrent subject matter jurisdiction over actions brought under Section 1983. Besser v. Dexter (1990),68 Ohio App.3d 510, 512, 589 N.E.2d 77. Therefore, appellant's III assignment of error is overruled.
 {¶ 33} In his first, second and fifth assignments of error, appellant argues that the trial court erred in granting appellees' motion to dismiss on the grounds of Civ.R. 12(B)(6) and res judicata. We agree.
 {¶ 34} As stated previously, our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Hunt v. Marksman Products (1995),101 Ohio App.3d 760, 762, 656 N.E.2d 726. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty.Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. However, in State ex rel. Freeman v. Morris, (1991), 62 Ohio St.3d 107,579 N.E.2d 702, the Ohio Supreme Court opined as follows: "Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." Id. at 109, 579 N.E.2d 702
(citing Johnson v. Linder (1984), 14 Ohio App.3d 412, 471 N.E.2d 815).
 {¶ 35} Appellee's motion to dismiss was made pursuant to Civ.R. 12(B)(6). We conclude that the trial court committed error by permitting the defense of res judicata to be successfully raised by a motion to dismiss under Civ.R. 12(B)(6). Rather, since appellee's motion to dismiss was based on materials and evidence outside of the pleadings, i.e. the ruling of the federal court, the motion should have been converted to a motion for summary judgment. Nelson v. Pleasant (1991), 73 Ohio App.3d 479,597 N.E.2d 1137.
 {¶ 36} Appellant's first, second and fifth assignments of error are sustained, as they related to the federal claim made pursuant to 42 U.S.C. § 1983.
 {¶ 37} In appellant's fourth assignment of error, appellant contends he should have been given deference and an opportunity to re-plead his complaint, prior to dismissal. Further, appellant argues that the dismissal should have been without prejudice. Since this Court has held that the trial court's dismissal of appellant's federal claim must be reversed, appellant's fourth assignment of error, as concerns the federal claim, is rendered moot.
 {¶ 38} The Judgment of the Licking County Court of Common Pleas is affirmed, in part, regarding the state claims, and vacated, in part, regarding the federal claim. The matter is remanded for further proceedings in accordance with law.
By Edwards, J., Farmer, P.J. and Boggins, J. concur.
topic: In Re: Denial of Zoning applications.
[1] Helfrich v. City of Pataskala Planning and Zoning (Feb. 22, 2001), Licking App. No. 00CA82, 2001 WL 194777.
[2] Helfrich v. City of Pataskala Planning and Zoning CommissionMembers (Aug. 16, 2000), S.D. No. C-2-99-0252.
[3] Appellant cites a different, but related, assignment of error in the Table of Contents of his brief: "THE LOWER COURT ERRORED [SIC] WHEN IT DISMISSED A PRO-SE COMPLAINT WITHOUT GIVING DEFERENCE OR ALLOW IT TO BE REPLEADED."
[4] Any arguments concerning appellant's federal claims or other issues raised in assignments of error I and IV will be addressed separately.
[5] "A `governmental function' includes, but is not limited to, the following: . . . (p) The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures." R.C. 2744.01(C)(2)