[Cite as *Mueller v. N. Canton*, 2012-Ohio-3561.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HILLARY MUELLER | : | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| CITY OF NORTH CANTON | : | Case No. 2012-CA-82 |
| | : | |
| Defendant-Appellee | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Canton Municipal
Court, Case No. 2012CVF01330

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 6, 2012

APPEARANCES:

For Plaintiff-Appellant            For Defendant-Appellee

HILLARY MUELLER PRO SE      HANS NILGES
Buckingham Doolittle & Burroughs
3281 Whitewood St. N.W.
North Canton, OH 44720-5650

SHANNON DRAHER
2455 Wilmont St. N.W.
Uniontown, OH 44685

*Gwin, J.*

**{¶1}** Plaintiffs-appellant Hillary A. Mueller ("Mueller") appeals a judgment of the Canton Municipal Court, Stark County, Ohio, entered in favor of defendant-appellee the City of North Canton (the "City").

### FACTS AND PROCEDURAL HISTORY

**{¶2}** Mueller filed a complaint alleging that the City is responsible for flooding damage she allegedly suffered at her personal residence as a result of rainwater overflow from Fairways Golf Course (the "Fairways"), a City-owned golf course. Mueller alleged that the City is responsible for the flooding because the City has known about the flooding since 1992, but has been unable to fix the problem despite multiple attempts. Mueller further alleged that because the problem is not fixed, the City acted in "bad faith."

**{¶3}** The City filed a Motion to Dismiss pursuant to Civ. R. 12(B)(1) and 12(B)(6) and Alternative Motion for Summary Judgment pursuant to Rule 56. In the motion, the City argued: (1) the trial court lacked jurisdiction over the case because the amount of damages claimed exceeded $15,000; (2) Mueller failed to state a claim because the allegations, when accepted as true, made clear that the City is statutorily immune from Mueller's claim; and (3) the undisputed facts also establish that the City is statutorily immune from Mueller's claim.

**{¶4}** The trial court agreed and granted the City's Motion to Dismiss. Following this order, Mueller filed a motion for reconsideration, which the trial court denied.

**{¶5}** Mueller filed her notice of appeal on April 27, 2012.

**{¶6}** On May 17, 2012 the City filed a Motion to strike Mueller's brief or in the alternative to strike exhibits and references contained in Mueller's brief that were not presented in the trial court. Mueller filed a response on May 29, 2012. We took the matter under advisement pending oral argument.

### *MOTION TO STRIKE*

**{¶7}** In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528 (2001), the Court noted: "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty* (Feb. 28, 1980), Pickaway App. No. 411, citing *Scioto Bank v. Columbus Union Stock Yards* (1963), 120 Ohio App. 55, 59, 201 N.E.2d 227.

**{¶8}** "The determination of a motion to strike is vested within the broad discretion of the court." *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 26. In exercising this discretion here, we grant the City's motion to strike, in part. We hold that Mueller's new material may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶ 7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16.

### *ANALYSIS*

**{¶9}** Mueller claims the trial court erred in granting the City's motion for judgment on the pleadings. Because the trial court did not specify in its Judgment Entry

whether the dismissal was for lack of jurisdiction over the subject matter pursuant to Civ. R. 12(B)(1) or for failure to state a claim upon which relief can be granted pursuant to Civ. R. 12(B)(6), we shall address both grounds.

### Civ. R. 12(B)(1)

{¶10} Civ. R. 12 B(1) states, in part,

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter...

{¶11} A municipal court has jurisdiction in cases in which the "amount claimed" by the party does not exceed fifteen thousand dollars. R.C. 1901.17. Dismissal of a complaint is required when the amount claimed is beyond the statutory amount. *The State, ex. rel. National Employee Benefit Services, Inc. v. Court of Common Pleas of Cuyahoga County,* 49 Ohio St.3d 49, 50, 550 N.E.2d 941 (1990).

{¶12} In the case at bar, Mueller's complaint was filed using a pre-printed form provided by the Canton Municipal Court. On the line provided for "Plaintiff's Statement of Claim" is the handwritten notation "$15,000.00." Although Mueller indicated various other amounts while presenting the allegations within her complaint, she was clearly requesting only damages of $15,000.00.

{¶13} Accordingly, the trial court had jurisdiction to decide the merits of Mueller's case.

### *Civ.R. 12 (B)(6)*

{¶14} A motion for judgment on the pleadings is governed by Civ.R. 12. Subsection (C) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Our standard of review on a Civ.R. 12 motion is de novo. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113(1973).

{¶15} When reviewing a matter de novo, this Court does not give deference to the trial court's decision. *Eagle v. Fred Martin Motor Co.,* 157 Ohio App.3d 150, 809 N.E.2d 1161, 2004-Ohio-829, ¶11(9th Dist.). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶16} The City is a political subdivision and therefore falls under the immunity provisions of R.C. 2744.02(A)(1). Whether a political subdivision is entitled to immunity is analyzed using a three-tiered process. *Green Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556, 2000-Ohio-486, 733 N.E.2d 1141(2000).

{¶17} Under the first tier, subject to a few exceptions, R.C. 2744.02(A)(1) provides that political subdivisions are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Likewise, immunity is extended, with several

exceptions, to employees of political subdivisions under R.C. 2744.03(A)(6). *O'Toole v. Denihan*, 118 Ohio St.3d 374, 381, 2008-Ohio-2547, 889 N.E.2d 505, 512-513, ¶ 47.

**{¶18}** Under the second tier, the court must determine whether any of the exceptions to immunity set out in R.C. 2744.02(B) apply. *Green Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d at 557, 733 N.E.2d 1141. The second tier contains five exceptions to immunity described in R.C. 2744.02(B),

(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:

(a) A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct;

(b) A member of a municipal corporation fire department or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is

believed to be in progress, or answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct;

(c) A member of an emergency medical service owned or operated by a political subdivision was operating a motor vehicle while responding to or completing a call for emergency medical care or treatment, the member was holding a valid commercial driver's license issued pursuant to Chapter 4506. or a driver's license issued pursuant to Chapter 4507. of the Revised Code, the operation of the vehicle did not constitute willful or wanton misconduct, and the operation complies with the precautions of section 4511.03 of the Revised Code.

(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

{¶19} In the case at bar, Mueller's complaint alleged that the City is responsible for the flooding because the City has known about the flooding since 1992; the City has been unable to correct the problem despite multiple attempts; and the City has in the

past paid residents damage claims. Mueller asserted in her complaint that these actions equate with "bad faith."

{¶20} Mueller asserts R.C. 2744.02(B)(2) applies as an exception to the City's sovereign immunity because the City was engaged in a proprietary function in relation to the city property. Mueller contends that because the City has entered into a lease with a private entity for the operation of the golf course, the City is engaged in a proprietary function. The City argued that the trial court was correct in granting its motion for judgment on the pleadings because Mueller's complaint failed to assert specific facts to establish any of the five exceptions of R.C. 2744.02(B) thereby exempting the City's immunity.

{¶21} We begin by noting that there is no heightened pleading requirement upon a plaintiff when bringing suit against a political subdivision. *Miller v. Thyssenkrup Elevator Corp.*, 8th Dist. No. 94352, 2010-Ohio-5011, ¶34. Importantly, we recognize that Mueller attempted to commence her action in the Small Claims Division of Canton Municipal Court. The Ohio Legislature established the Small Claims Court "to serve a need to the people of Ohio, save the expenditure of money by litigants, save time of the courts and provide a means of settling disputes quickly between citizens who feel aggrieved but think they have no place of redress." *Heffelfinger v. Rock,* 9th Dist. No. 593, 1975 WL 180763(Nov. 13, 1975); *Wilson v. Riders Gear, Ltd.,* 5th Dist. No. 2004 CA 00119, 2005-Ohio-2844, ¶11.

{¶22} Civ.R. 1(C)(4) provides that the Ohio Rules of Civil Procedure do not govern the proceedings in small claims court when the civil rule is inconsistent with a special statutory provision. See, also, *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d

131, 435 N.E.2d 1114(1982). R.C. 1925.04(A) is the statutory provision that supersedes the civil pleading rules. *Wagner v. Dambrosio,* 8th Dist. No. 52142, 1986 WL 12648(Nov. 6, 1986). Thus,

(A) An action is commenced in the small claims division when the plaintiff, or the plaintiff's attorney, *states the amount and nature of the plaintiff's claim* to the court as provided in this section. The commencement constitutes a waiver of any right of the plaintiff to trial by jury upon such action. At the time of the commencement of an action, the plaintiff, or the plaintiff's attorney, shall pay both of the following:

(1) A filing fee as determined by the court;

(2) The sum required by division (C) of section 1901.26 or division (C) of section 1907.24 of the Revised Code.

(B) The plaintiff, or the plaintiff's attorney, shall state to the administrative assistant or other official designated by the court, the plaintiff's and the defendant's place of residence, the military status of the defendant, and the nature and amount of the plaintiff's claim. *The claim shall be reduced to writing in concise, nontechnical form.* Such writing shall be signed by the plaintiff, or the plaintiff's attorney, under oath.

A memorandum of the time and place set for trial shall be given to the person signing the writing. The time set for such trial shall be not less than fifteen or more than forty days after the commencement of the action.

R.C. 1925.04 (Emphasis added).

{¶23} "The legislative intent in establishing the small claims court division was clearly not to require plaintiffs to file complaints similar to those filed by licensed attorneys." *Wagner v. Dambrosio* 8th Dist. No. No. 52142, 1986 WL 12648(Nov. 6, 1986). The pleader is not required to allege every fact that he intends to prove because such facts may not be available until after discovery. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549, 605 N.E.2d 378, 381(1992).

{¶24} If a municipality negligently causes damage while engaging in a governmental function its immunity remains intact, but if it does so while engaging in a proprietary function its immunity falters. The political subdivision then may seek to reestablish its immunity by asserting one of the defenses to liability set forth in R.C. 2744.03(A). Mueller's complaint is premised upon the belief that the City was engaging in a proprietary function because it leased the golf course to a private entity. The legislature, however, has specifically included a golf course as a "governmental function" R.C. 2744.01(C)(2)(v); *Horwitz v. Cleveland*, 8th Dist. No. 67140, 1995 WL 116959(Mar. 16, 1995). In *Horwitz* the court observed,

> The City further notes that § 2744.01(G)(1)(e) originally included the operation and control of public golf courses as a proprietary function, but that this section was *specifically amended in 1987 to convert this function from a proprietary to a governmental function.* (H.B. 295, 1987 Sessions Laws) As the City points out, this evidences the *clear intent* of the General Assembly that *the operation of a public golf course is to be considered as a governmental function.*

1995 WL 116959. (Emphasis sic.) When the legislature is specific, sovereign immunity is not abrogated. *Nagorski v. Valley View*, 87 Ohio App.3d 605, 622 N.E.2d 1088(8th Dist. 1993); *Amborski v. Toledo* (1990), 67 Ohio App.3d 47, 585 N.E.2d 974(6th Dist. 1990).

{¶25} Upon our de novo review, we find the character of the city property and the conduct alleged in Mueller's complaint demonstrate the City is engaged in a governmental function in relation to a golf course as specifically defined in R.C. 2744.01(C)(2)(v). As such, we find there is no set of facts to support Mueller's claims of negligence so as to become an exception to the City's immunity under R.C. 2744.02(B)(2).

{¶26} It is therefore unnecessary for this court to reach the third tier of immunity analysis to determine whether immunity can be restored to the City under R.C. 2744.03(A)(1) through (5).

{¶27} Upon review, we conclude the trial court was correct in granting the City's motion for judgment on the pleadings. Mueller's assignment of error is overruled in its entirety and the judgment of the Canton Municipal Court is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


WSG:clw 0718

[Cite as *Mueller v. N. Canton*, 2012-Ohio-3561.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

HILLARY MUELLER                           :
                                          :
              Plaintiff-Appellant         :
                                          :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
                                          :
CITY OF NORTH CANTON                      :
                                          :
              Defendant-Appellee          :          CASE NO. 2012-CA-82


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Canton Municipal Court is affirmed.  Costs to appellant.


                                   _____
                                   HON. W. SCOTT GWIN


                                   _____
                                   HON. PATRICIA A. DELANEY


                                   _____
                                   HON. WILLIAM B. HOFFMAN